UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| FREDERICK D. JONES, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-cv-00048-TWP-DML |
| | ) | |
| CRAFTON, | ) | |
| J. WARD, | ) | |
| SCHAFFER, | ) | |
| SUTTON, | ) | |
| MYERS, | ) | |
| WINGARD, | ) | |
| BUSH, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry on Motion for Leave to Proceed *In Forma Pauperis*,
Dismissing Action, and Directing Further Proceedings**

**I. Filing Fee**

Plaintiff Frederick D. Jones, Sr., filed a complaint, dkt. [1], and motion to proceed *in forma pauperis*, dkt. [2], on February 27, 2020. Because Mr. Jones is a prisoner currently in custody at the Floyd County Jail, he must also file "a certified copy of the trust account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined," 28 U.S.C. § 1915(a)(2), which he failed to do. Failure to do so may result in dismissal of this action.

Mr. Jones shall have **through March 31, 2020**, to submit a copy of the transaction history associated with his institution trust account for the 6-month period preceding the filing of this action on February 27, 2020.

## II. Screening of Complaint

Because Mr. Jones is a prisoner, his complaint is subject to the screening requirements of 28 U.S.C. § 1915A(b). This statute directs that the Court shall dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (same). The Court construes *pro se* pleadings liberally and holds *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## III. Mr. Jones' Complaint

Mr. Jones is currently in custody at the Floyd County Jail (Jail). Mr. Jones' complaint names the following officers employed at the Jail as defendants: (1) Officer Crafton, (2) Officer J. Ward, (3) Sgt. Schaffer, (4) Officer Sutton, (5) Sgt. Myers, (6) Officer Wingard, and (7) Officer Bush. Dkt. 1. Mr. Jones alleges that on January 11, 2020, after he woke up after a lockdown, he noticed that a honey bun and cinnamon roll were missing from his table. *Id.* at 2. Mr. Jones alleges that he reported the incident to Officers Wingard and Bush and was told the cameras pointing down at his table did not work. *Id.* at 3. He received no additional follow up. *Id.* Mr. Jones alleges that he asked Officer Sutton to review the camera but that Sutton told him he did not have time to review it over the three hour span of time that the items allegedly went missing. *Id.* Mr. Jones

states he filed grievances "accusing Officer Crafton of stealing [his] stuff because [he] felt that they were covering up something . . ." *Id.* Mr. Jones alleges that on January 13, 2020, Sgt. Myers and Sgt. Schaffer called him down to their office to "intimidate" him "to stop filing grievances about Officer Crafton stealing" his food items. *Id.* Mr. Jones states that Sgt. Myers told him they had information about the issue and that there was a process to be followed, yet, Mr. Jones claims Sgt. Schaffer responded to four of Jones' grievances concluding that the matter had been resolved. *Id.* at 3-4. Mr. Jones alleges that he filed another grievance saying he would stop accusing officers but "still wanted whoever stole [his] stuff to be charged." *Id.* at 4. Mr. Jones alleges Officer Ward responded with a final resolution saying that no one could be seen stealing Jones' items and that the case was closed. *Id.* Mr. Jones claims that he was denied due process of the law and was discriminated against because the defendants named in his complaint are all Caucasian, and he is African American. *Id.* Mr. Jones also claims that he received cruel and unusual punishment. *Id.* Mr. Jones seeks monetary damages from each of the defendants and alleges the defendants "conspired together to cover up the truth and save Officer Crafton['s] job." *Id.* at 4-5.

### IV. Discussion

"To state a claim under [42 U.S.C.] § 1983, a plaintiff must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *L.P. v. Marion Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (internal quotations omitted).

First, Mr. Jones has not sufficiently asserted an Eighth Amendment claim against the defendants. To state a claim for relief under the Eighth Amendment, a plaintiff must allege that he is living under conditions that deprive him of "the minimal civilized measure of life's necessities." *Townsend v. Cooper*, 759 F.3d 678, 686-87 (7th Cir. 2014) (internal quotation omitted). "[L]ife's

necessities include shelter, heat, hygiene items, and clothing." *Id.* at 687. "[N]ot everything that is undesirable, annoying, or even harmful amounts to a violation of the law, much less a constitutional problem." *Brown v. Chi. Bd. of Educ.*, 824 F.3d 713, 714 (7th Cir. 2016). The loss of a honey bun and cinnamon roll simply does not rise to the level of a constitutional claim.

Second, Mr. Jones has not sufficiently asserted a violation of due process. The Fourteenth Amendment's due process clause holds that no state "may deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The Court construes Mr. Jones' allegation of his missing food items as a deprivation of personal property claim. "[A]n adequate state remedy for a deprivation of property provides all the due process that a plaintiff suing state officers for such deprivation is entitled to." *DKCLM, Ltd. v. Cnty. Of Milwaukee*, 794 F.3d 713, 716 (7th Cir. 2015). It is well settled that Indiana law and Indiana's courts provide an adequate remedy to Indiana prisoners asserting claims for deprivation of property. *See, e.g., Wynn v. Southward*, 251 F.3d 588, 592-93 (7th Cir. 2001) ("The district court properly dismissed Wynn's Fourteenth Amendment claims for deprivation or destruction of personal property . . . . Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). Because Indiana law and Indiana's courts provide an adequate remedy for Mr. Jones' claim that he was deprived of personal property, the complaint does not assert a plausible Fourteenth Amendment claim against the officers.

Third, Mr. Jones has not sufficiently plead any claims regarding discrimination. "The Equal Protection Clause of the Fourteenth Amendment prohibits intentional and arbitrary discrimination." *Dunnet Bay Const. Co. v. Borggren*, 799 F.3d 676, 696 (7th Cir. 2015). To state an equal protection claim, Mr. Jones must allege that: (1) he was a member of protected class, (2) that he was treated differently from a similarly situated member of an unprotected class, and (3)

the defendants were motivated by a discriminatory purpose. *Alston v. City of Madison*, 853 F.3d 901, 906 (7th Cir. 2017). Mr. Jones only identifies his race and the race of the officers named in his complaint. Mr. Jones does not allege that the defendants treated him differently from anyone else who had lost food items or that their alleged actions were motivated by a discriminatory purpose.

Thus, Mr. Jones has not alleged Eighth Amendment claims of cruel and unusual punishment or a violation of due process. Further, he has also failed to state an equal protection claim.

The Court cannot discern any viable claims from Mr. Jones' complaint. Therefore, the complaint is **dismissed for failure to state a claim upon which relief can be granted**. 28 U.S.C. § 1915A. The Court cautions Mr. Jones that the dismissal of three or more civil actions for failure to state a claim upon which relief can be granted, filed while he is a prisoner, will prohibit him from obtaining *in forma pauperis* status for all new civil rights cases at any point in the future unless the case concerns an issue presenting an imminent threat of serious physical injury. *See* 28 U.S.C. § 1915(g). The dismissal of this case will count against the three-strike limit.

### V. Dismissal of Action

As noted, the plaintiff's complaint **must be dismissed for failure to state a claim upon which relief can be granted**. Mr. Jones shall have **through March 31, 2020**, in which to file an amended complaint that cures the deficiencies discussed or show cause why Judgment consistent with this Entry shall not issue. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."). Any amended

complaint should be titled "amended complaint" and shall have the proper case number, 4:20-cv-00048-TWP-DML, on the front page.

## VI. Conclusion

Mr. Jones shall have **through March 31, 2020,** to submit a certified copy of his trust account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of his complaint.

Mr. Jones also shall have **through March 31, 2020,** to show cause why this action should not be dismissed or to file an amended complaint that cures the deficiencies identified in this Entry.

If the plaintiff fails to respond to this Entry, the case will be dismissed in accordance with 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted, without further notice.

**IT IS SO ORDERED.**

Date: 3/6/2020

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

FREDERICK D. JONES, SR.
FLOYD COUNTY JAIL
FLOYD COUNTY JAIL
Inmate Mail/Parcels
P.O. Box 1406
New Albany, IN 47150